NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3426
_____

UNITED STATES OF AMERICA

v.

CARLOS VARGAS,
                              Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. Action No. 1-13-cr-00396-001)
District Judge: Honorable Robert B. Kugler
_____

Submitted Under Third Circuit LAR 34.1(a)
January 23, 2015
_____

Before: FISHER, JORDAN, and GREENAWAY, JR., *Circuit Judges*.

(Filed: March 3, 2015)

_____

OPINION*
_____


GREENAWAY, JR., *Circuit Judge*.



_____

    * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Carlos Vargas ("Appellant") pled guilty to one count of failing to appear to serve a sentence, for which the District Court imposed a sentence of fourteen months' imprisonment. Appellant now attacks both the substantive and procedural reasonableness of that sentence. For the following reasons, we will affirm the District Court's judgment of conviction.

## I. FACTUAL BACKGROUND

Appellant was arrested when he received delivery of two bags of coffee, which concealed 1,070 grams of cocaine. Following his arrest, Appellant admitted that he had been paid to retrieve the packages and that he had done so on approximately four prior occasions. Appellant pled guilty to conspiring to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. He received a sentence of two years' imprisonment and five years' supervised release. Following his custodial term, while on supervised release, Appellant failed four drug tests and pled guilty to violating the terms of his supervised release. Several months later, two additional drug tests came back positive for cocaine. Appellant again pled guilty to violating the terms of his supervised release and received a sentence of ten months' imprisonment. Appellant failed to self-surrender, as the court had ordered. As a consequence, he was charged with, and pled guilty to, knowingly failing to surrender for service of sentence, in violation of 18 U.S.C. § 3146(a)(2).

Appellant was subject to a Sentencing Guidelines range of between eight and fourteen months based upon a total offense level of nine and a criminal history category

of III.  Appellant did not object to the Guidelines range, but requested leniency based on his medical condition and age.  At the time of sentencing, Appellant was sixty-seven years old and had been undergoing treatment for a degenerative eye condition.  As such, he sought a sentence at the bottom of the Guidelines range.  The Government argued for a sentence at or above the middle of the Guidelines range because of the seriousness of the offense, Appellant's criminal history, including eleven prior convictions, some of which were for violent crimes, and deterrence.  The District Court sentenced Appellant to fourteen months' imprisonment, to be served consecutive to his original ten month sentence.

## II. ANALYSIS[1]

We review sentences "under a deferential abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38, 41 (2007).  "[W]e are to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way."  *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008).[2]

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231.  This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] When no objection is made in the District Court, sentencing procedure is reviewed for plain error.  *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc).  However, "[b]ecause defendants sentenced before the issuance of [*Flores-Mejia*] had not been warned that they had a duty to object to the sentencing court's procedural error after sentencing, we will not apply this new rule retroactively and will, instead, review for abuse of discretion.  Applying that standard, we have held that a district court abuses its discretion when it fails to give 'meaningful consideration' to an argument advanced by the defendant."  *Id.* at 259.  *Flores-Mejia* was issued on the same

Under our three-step sentencing framework, district courts must: (1) "calculate a defendant's Guidelines sentence precisely as they would have before [*United States v. Booker*, 543 U.S. 220 (2005)]," (2) "'formally rul[e] on the motions of both parties and stat[e] on the record whether they are granting a departure,'" and (3) "'exercise[] [their] discretion by considering the relevant [18 U.S.C. § 3553(a)] factors'. . . in setting the sentence they impose regardless [of] whether it varies from the sentence calculated under the Guidelines." *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (quoting *United States v. King,* 454 F.3d 187, 196, 194 (3d Cir. 2006)). Under the third step, the District Court "must 'acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis.'" *Flores-Mejia*, 759 F.3d at 256 (quoting *United States v. Begin,* 696 F.3d 405, 411 (3d Cir. 2012)).

Although Appellant asserts that the District Court failed to adequately consider his age, medical condition and history of substance abuse at sentencing, the sentencing judge's reasoning demonstrates proper consideration of these § 3553(a) factors. After noting that the parties did not dispute the offense level and criminal history category, the sentencing judge discussed the statutory factors, including Appellant's age, criminal history, "drug problems," and "health problems." (App. 59.) He also considered the offense "a serious crime," requiring "general deterrence" in order to "send a message to

day as Appellant's sentencing. Because Appellant did not have notice of the new standard prior to his sentencing, review for abuse of discretion is proper.

people [that] they can't just decide on their own that they'd rather not show up in jail when they're supposed to be there." (*Id.* at 60.) The sentencing judge invoked the "need to protect the public," because "[t]here[] [was] no doubt . . . that there's a serious risk that [Appellant is] going to commit other crimes." (*Id.*) The District Court determined that Appellant's criminal history was the "most significant [thing] about his background," and concluded that "a sentence at the high end of the Guideline[s] range is necessary because of the statutory factors." (*Id.* at 59-60.). Here, the sentencing judge articulated his reasons for weighing the factors as he did and imposed a sentence based on the proper criminal history category.[3] As such, there was no procedural error.

We next consider the substantive reasonableness of the sentence. Our review of the application of the § 3553(a) factors considers the totality of the circumstances and is highly deferential. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). Moreover, "[w]e may not substitute our judgment for the sentencing court's." *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007). Indeed, even if this Court would have imposed a different sentence, we must not do so as long as any reasonable court could have imposed the given sentence. *Tomko*, 562 F.3d at 568. Although Appellant sought a split sentence at the bottom of the Guidelines range, the District Court properly

---

[3] Appellant's argument that the District Court gave improper consideration to old or remote criminal convictions lacks merit. While the District Court stated that "Criminal History Category III doesn't quite capture [Appellant's] history of crimes," there is no evidence in the record that the District Court improperly based its sentence on that history. (App. 59-60.)

5

considered the statutory factors in imposing a sentence at the top of the Guidelines range. *See Rita v. United States*, 551 U.S. 338, 356-59 (2007); *Levinson*, 543 F.3d at 196 (the district court's explanation must be "sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)"). Thus, this sentence is not substantively unreasonable.

## III. CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment of conviction.